# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| CITY OF CHICAGO, ) | SUPPLEMENTAL CLAIMS |
| ) | |
| Defendant. ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Christopher Robinson, has fully complied with the procedural requirements of the ADA. He filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, Christopher Robinson (hereinafter "Robinson"), was a candidate for employment with the Defendant City of Chicago (hereinafter "City").

5. The City is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois. At all relevant times, the City maintained, managed, and/or operated the City of Chicago Fire Department.

**FACTUAL ALLEGATIONS**

6. On or about February 23, 2007, Plaintiff submitted an application for a position as a Fire Paramedic with the Chicago Fire Department to the Department of Human Resources of the City.

7. After receiving the Plaintiff's application, the City placed Plaintiff on an eligibility list to fill vacant Fire Paramedic positions as vacancies become available.

8. On or about April 6, 2010, the City sent Plaintiff a notice stating that he had been scheduled for the Fire Paramedic Physical Abilities Test.

9. On or about April 28, 2010, Plaintiff took the Fire Paramedic Physical Abilities Test. Plaintiff received notification on May 10, 2010 that he received a passing score on the Fire Paramedic Physical Abilities Test.

10. On May 3, 2012, the City extended a conditional offer of employment to the Plaintiff. The City's conditional offer of employment was conditioned on Plaintiff completing a medical examination and the availability of an open position in a training class at the Chicago Fire Academy.

11. On May 11, 2012, Plaintiff completed a medical examination for his employment with the City.

12. Plaintiff's medical examination on May 11, 2012 resulted in an abnormal Pulmonary Function Test and the diagnosis of diminished near vision in his right eye and distance vision in his left eye.

13. On May 31, 2012, the City sent Plaintiff a letter requesting that his personal physician review the medical examination taken on May 11, 2012. The City also requested that Plaintiff receive medical clearance from a Pulmonologist and Ophthalmologist.

14. Plaintiff took each of the steps requested by the City in its May 31, 2012 letter.

15. On or about June 20, 2012, Plaintiff gave the City a note and records from an Ophthalmologist indicating that he had no positive ocular findings and normal readings in his left and right eye.

16. On the same date, Plaintiff gave the City a note and records from a Pulmonologist indicating that he can proceed with training from a pulmonary perspective. The records further documented that Plaintiff's readings on the subsequent Pulmonary Function Test were without defect.

17. Plaintiff's Pulmonologist diagnosed Plaintiff with sleep apnea during his examination and noted it in his records, which were provided to the City.

18. As of June 20, 2012, each of Plaintiff's doctors cleared him to proceed with paramedic training with no medical restrictions.

19. The Defendant perceived Plaintiff as being disabled after receiving his medical May 11, 2012 examination results and documentation from the Plaintiff's Pulmonologist diagnosing Plaintiff with sleep apnea.

20. On or about August 3, 2012, the City sent Plaintiff a letter stating that based on the results of his medical examination he did not qualify for further processing as a Paramedic.

21. Despite Plaintiff's receipt of medical clearance to proceed with training, the Defendant revoked its offer of conditional employment to the Plaintiff on August 3, 2012.

22. Defendant's reason for revoking its offer of conditional employment to Plaintiff on August 3, 2012 is wrong and unlawful.

23. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

24. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR
## DISCRIMINATION ON THE BASIS OF PLAINTIFF'S DISABILITY
## IN VIOLATION OF ADA – DISPARATE TREATMENT

25. Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

26. The Defendant perceived Plaintiff as being disabled after his abnormal Pulmonary Function Test, diagnosis of diminished near vision in his right eye and distance vision in his left eye, and diagnosis of sleep apnea.

27. After May 11, 2012, Defendant wrongly perceived Plaintiff as being disabled despite the fact that Plaintiff was qualified for the job that Defendant conditionally offered to him and able to perform all job functions to Defendant's legitimate employment expectations.

28. Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because he was disabled.

29. Defendant's discrimination against Plaintiff was intentional.

30. Defendant discriminated against Plaintiff in the terms and conditions of his employment in that he was prevented obtaining conditional employment as a paramedic with the Defendant after receiving medical clearance to do so.

31. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

32. Defendant's reason for not allowing Plaintiff to return to work was wrong and unlawful under the ADA.

33. Defendant's actions, as described above, are in violation of ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his Disability.

34. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Christopher Robinson, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY:	s/ Jonathan R. Ksiazek
	Jonathan R. Ksiazek
	ED FOX & ASSOCIATES
	Attorneys for Plaintiff
	300 West Adams, Suite 330
	Chicago, Illinois 60606
	(312) 345-8877
	jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

>
> BY: <u>s/ Jonathan R. Ksiazek</u>
> Jonathan R. Ksiazek
> ED FOX & ASSOCIATES
> Attorneys for Plaintiff
> 300 West Adams, Suite 330
> Chicago, Illinois 60606
> (312) 345-8877
> jksiazek@efox-law.com