IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON, | ) | |
| | ) | No. 13 C 4049 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | Magistrate Judge Kim |
| CITY OF CHICAGO, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel of the City, moves this Court to enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support of this motion, Defendant incorporates its supporting memorandum of law, and states as follows:

1. On May 31, 2013, Plaintiff filed a Complaint alleging that the City rescinded his conditional job offer as a Fire Paramedic because it regarded him as disabled, in violation of the Americans with Disabilities Act ("ADA")[1], 42 U.S.C. §12101, *et seq*. On August 21, 2013, the City filed its answer to Plaintiff's Complaint.

2. On or about May 3, 2012, the City extended a conditional offer of employment to Plaintiff as a "Probationary (Candidate) Paramedic" which was conditioned, in part, upon Plaintiff successfully completing a medical examination, to the satisfaction of the Chicago Fire Department ("CFD"). Plaintiff failed to complete the medical examination and failed to submit the medical documentation that CFD had requested. Accordingly, the City sent Plaintiff a letter stating that "[b]ased on the results

---

[1] The ADA Amendments Act ("ADAAA") went into effect on January 1, 2009. Pub. L. No. 110-325, 112 Stat. 3553. The ADAAA should apply to Plaintiff's allegations of discrimination, in August 2012.

of your medical examination, you do not qualify for further processing for the position of Paramedic."

3. As set forth more fully in the City's memorandum of law in support of its motion for judgment on the pleadings, Plaintiff fails to state a plausible claim for relief under the ADA. Plaintiff fails to plead any *factual* allegations to show that he satisfied the job-related requirements of the Fire Paramedic position. Moreover, Plaintiff's allegation that the City revoked his conditional job offer because it regarded him as disabled is inherently implausible. Plaintiff's allegations, as well as the documents referenced therein, establish that the City rescinded his conditional offer of employment as a Fire Paramedic because he did not fulfill the prerequisites of that position.

4. For those reasons, and for the reasons set forth in the City's memorandum of law in support of this motion, the City's motion for judgment on the pleadings should be granted. However, to the extent that Plaintiff's Complaint survives the City's motion for judgment on the pleadings, his request for punitive and liquidated damages should be stricken.

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel
of the City of Chicago

By: /s/ Rachel Ann Kuchar
RACHEL ANN KUCHAR
ANNE K. PRESTON
Assistants Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, IL 60602
(312) 744-2836/0898