IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 4049 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Christopher Robinson filed this suit against defendant City of Chicago ("the City") asserting that the City's revocation of his conditional offer of employment as a Fire Department paramedic was discriminatory in violation of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. §§ 12101 *et seq*.[1]  The City has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  For the reasons stated below, the motion is denied.

## BACKGROUND[2]

On February 23, 2007, Robinson applied for a position as a paramedic with the Chicago Fire Department ("CFD").  (Compl. ¶ 6.) (Dkt. 1.)  He was placed on an eligibility list and, on April 6, 2010, he received notice that he was scheduled for a physical abilities test, the next step in the application process.  (*Id*. ¶¶ 7-8.)  On May 10, 2010, Robinson received notice that he had passed the test.  (*Id*. ¶ 9.)

---

[1] The court has subject matter jurisdiction under 29 U.S.C. § 12133, incorporating remedies under Title VII and the Rehabilitation Act.

[2] Unless otherwise indicated, the following facts are taken from the complaint and are presumed true for the purpose of resolving the pending motion.  *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002).

1

Two years later, the City extended Robinson an offer of employment as a fire paramedic. The offer was conditioned in part upon his satisfactory completion of a medical examination. (*Id.* ¶ 10.) The examination was performed on May 11, 2012. (*Id.* ¶ 11.) Robinson received abnormal results on a pulmonary function test ("PFT") and was diagnosed with diminished near vision in his right eye and diminished distance vision in his left eye. (Compl. ¶ 12.)[3]

On May 31, 2012, the City sent Robinson a letter requesting that he have his personal physician review the results from the medical examination and write a brief report, specifying any diagnoses made and treatment rendered. (Compl. ¶ 13; *see also* City's Memo. in Support, dkt. 20, ex. D.)[4] The letter also required that Robinson have a pulmonologist repeat the PFT and have an ophthalmologist repeat the eye exam and receive medical clearance from both physicians. (*Id.*) The letter warned that "[f]ailure to comply with this request could possibly have an effect on your eligibility for hire." (*Id.*)

The City acknowledges that it received a report from an eye doctor stating that Robinson had no significant positive ocular findings. (Compl. ¶ 15; Ans. ¶ 15.) It also acknowledges that it received two reports from a pulmonologist, who stated that he had found no obstructive or restrictive defects when Robinson repeated the PFT. (Compl. ¶ 16; Ans. ¶ 16.) The pulmonologist also diagnosed sleep apnea but cleared Robinson for training. (Compl. ¶¶ 16-17; Ans. ¶¶ 16-17.) The City, however, denies receiving any reports or documents from Robinson's personal physician (Ans. ¶ 18). Although Robinson alleges that he took "each of the steps" requested by the City in the May 31, 2012 letter (Compl. ¶ 14.), he does not specifically allege

---

[3] The City's answer avers that the medical examination was not completed because Robinson reportedly was unable to complete a stress test. (Ans. ¶ 11.) (Dkt. 12.) This unsupported averment cannot be considered on the motion because it creates a dispute of fact.

[4] As discussed below, the court may consider the letter, which was attached to the City's Rule 12(c) motion, because it was referenced in Robinson's complaint and is central to his claims. *See Wright* v. *Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

that he provided a report from his personal physician. Neither does he concede or deny, in response to the motion, that he submitted this report.

On August 3, 2012, the City sent Robinson a letter revoking his conditional offer of employment. (Compl. ¶ 20.) The letter stated, "Based on the results of your medical examination, you do not qualify for further processing for the position of Paramedic." (City's Memo. in Support, dkt. 20, ex. E.) Robinson filed a charge of discrimination with the Equal Employment Opportunity Commission, received a notice of right-to-sue, and timely filed the instant action against the City. (Compl. ¶ 3.)

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, the City may move for judgment on the pleadings after a complaint and answer have been filed. Fed. R. Civ. P. 12(c); *Buchanan-Moore* v. *County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A Rule 12(c) motion for judgment on the pleadings is meant to resolve cases only "when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Bank of New York Mellon* v. *Estrada*, No. 12 C 5952, 2013 WL 3811999, at *1 (N.D. Ill. July 22, 2013) (internal quotation marks omitted). A court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Brack* v. *Dart*, No. 11 C 8192, 2013 WL 2251741, at *1 (N.D. Ill. May 22, 2013) (quoting *Forseth* v. *Vill. of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000)). A court may grant a Rule 12(c) motion "only if it appears beyond doubt that the [nonmoving party] cannot prove any facts that would support his claim for relief." *Estrada*, 2013 WL 3811999, at *1 (quoting *Buchanan-Moore*, 570 F.3d at 827). "But the court 'need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to

unsupported conclusions of law.'" *Brack*, 2013 WL 2251741, at *1 (quoting *Buchanan-Moore*, 570 F.3d at 827).

For the purposes of a Rule 12(c) motion, "the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc.* v. *Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). In addition, a court may consider documents attached to the motion "if they are referred to in the plaintiff's complaint and are central to his claims." *Wright* v. *Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "[I]f the court does not exclude matters outside the pleadings from its consideration, it should convert the Rule 12(c) motion into a Rule 56 motion for summary judgment." *N. Ind. Gun & Outdoor Shows, Inc.* v. *City of S. Bend*, 163 F.3d 449, 453 n.5 (7th Cir. 1998); *see also Church* v. *Gen. Motors Corp.*, 74 F.3d 795, 798 (7th Cir. 1996) (re-characterizing Rule 12(c) motion as a motion for summary judgment because matters outside the pleadings not excluded from consideration).

## ANALYSIS

The ADA prohibits employment discrimination against a "qualified individual on the basis of disability in regard to job application procedures [and] hiring . . . ." 42 U.S.C. § 12112(a). A legally sufficient disability discrimination claim must allege facts that, if proved, would establish that the plaintiff (1) is disabled within the meaning of the ADA, (2) is qualified to perform the functions of the job, and (3) has suffered an adverse employment action because of his disability.[5] *See Hoppe* v. *Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012) (citing *Nese*

---

[5] The court omits language regarding an employer's obligation to provide reasonable accommodation to disabled individuals because Robinson does not claim that he was actually disabled or that the City failed to accommodate his disability. *Cf. Brumfield* v. *City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013) ("[A]n employer need not accommodate a disability that is irrelevant to an employee's ability to perform the essential functions of her job[.]"). Robinson is claiming that the City regarded him as disabled when he was not. *See* 42 U.S.C. §§ 12102(1)(C), (3).

4

v. *Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)). The City argues that Robinson has not adequately alleged that he was qualified to perform the functions of the job and that his claim, taken as a whole, is implausible.

I.      **Whether Robinson Adequately Alleged He Was Qualified Under the ADA**

Under the ADA, a "qualified individual" is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Consideration is given to "the employer's judgment as to what functions of a job are essential[.]" *Id.* A "qualified individual" must be able to satisfy the "requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires . . . ." 29 C.F.R. § 1630.2(m); *see also Budde* v. *Kane Cnty. Forest Preserve*, 597 F.3d 860, 862 (7th Cir. 2010). If an individual is not qualified, he "stands outside the protective reach of the ADA." *Corder* v. *Lucent Techs., Inc.*, 162 F.3d 924, 928 (7th Cir. 1998).

The ADA permits employers to condition an offer of employment on the results of a medical examination that is job-related and consistent with business necessity, if performance cannot be accomplished by reasonable accommodation. *See* 42 U.S.C. § 12112(d)(3); *see also* 65 Ill. Comp. Stat. 5/10-2.1-6.3 (employment requirements for firefighters and fire paramedics may include "medical and psychological examinations"). A job applicant who does not pass a required medical examination is not a qualified individual. *See Wheeler* v. *Lisle-Woodridge Fire Protection Dist.*, 804 F. Supp. 2d 759, 764 (N.D. Ill. 2011) (candidate for fire-medic job not qualified because he did not pass medical examination due to epilepsy). In addition, an employer's refusal to hire an individual who fails to satisfy a requirement attendant to a medical examination is not a violation of the ADA. *See Martin* v. *Cunningham Children's Home*, No.

5

10-2006, 2010 WL 1241819, at **2-3 (C.D. Ill. Mar. 22, 2010) (granting motion to dismiss where plaintiff admitted in complaint that she did not provide employer with required clearance letter from physician); *see also Henderson* v. *Ford Motor Co.*, 403 F.3d 1026, 1035-36 (8th Cir. 2005) (affirming summary judgment for employer where employee failed to appear for required physical examination); *cf. Kaitschuck* v. *Doc's Drugs, Ltd.*, No. 13 C 1985, 2014 WL 1478017, at **2-3 (N.D. Ill. Apr. 15, 2014) (plaintiff's failure to receive required certification rendered her unqualified under the ADA).

The City contends that Robinson's failure to specifically allege that his personal physician reviewed the medical examination results and provided a report should result in dismissal of his claim. In the absence of this allegation, the City postulates that it is more plausible that Robinson's conditional employment offer was revoked because he did not fulfill the City's required follow up to the medical examination. In support, the City cites to decisions dismissing complaints because plaintiffs failed to respond to arguments about the viability of their claims. *See, e.g., Kirksey* v. *R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) (affirming dismissal of complaint where plaintiff failed to articulate any legal theory entitling her to relief under the facts alleged); *Saad* v. *Vill. of Orland Park*, No. 11 C 7419, 2012 WL 2721942, at *6 (N.D. Ill. July 9, 2012) (where plaintiffs made no response to an argument that the facts were insufficient to support a claim of national origin discrimination, court assumed that plaintiffs conceded they could not do so).

In response, Robinson simply argues that he has adequately alleged that he is a qualified individual by stating that he "took *each* of the steps requested by the City" and "*each* of [his] doctors cleared him to proceed with paramedic training with no medical restrictions" (Compl.

¶¶ 14, 18) (emphasis added). [6] He states the truisms that allegations of a complaint must be taken as true and that a plaintiff need not include "detailed factual allegations." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Robinson has the better argument. For the purposes of the motion, the court must assume that Robinson took each of the steps required by the City in its letter. As such, Robinson has stated a claim that is facially plausible because the court may "draw the reasonable inference" that, if Robinson satisfied all of the City's requirements, its revocation of the conditional offer could have been discriminatory. *Adams* v. *City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Although Robinson might have been more elaborate in his pleading (or in his memorandum in opposition to the motion), this is not like the situation in *Kirksey*, where the plaintiff could not articulate a legal theory. Nor is it like *Saad* because essential facts are present. Robinson alleges that he took "each step" directed by the City. Thus, Robinson's complaint survives the City's motion for judgment on the pleadings.[7]

## II.     Punitive and Liquidated Damages

Finally, the City moves to strike Robinson's request for punitive and liquidated damages and Robinson has agreed to withdraw such request. (*See* dkt. 24 at 8.) Paragraph B of Robinson's prayer for relief is thus stricken. (*See* Compl. at 5.)

---

[6] Paragraph 13 of the complaint alleges, "On May 31, 2012, the City sent Plaintiff a letter requesting that his personal physician review the medical examination taken on May 11, 2012. The City also requested that Plaintiff receive medical clearance from a Pulmonologist and Ophthalmologist." (Compl. ¶ 13.) Paragraph 14 alleges, "Plaintiff took each of the steps requested by the City in its May 31, 2012 letter." (*Id.* ¶ 14.)

[7] Robinson has not, as he could have, clarified in his memorandum in opposition to the motion whether he did or did not submit verification that his personal physician had reviewed the May 11 exam or that he did not understand he was to submit anything (as the letter does not ask for a specific response). Although the pleading is adequate, plaintiff is reminded that intentionally hiding facts in order to forestall an inevitably adverse ruling could result in imposition of costs or other sanctions under 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, the City's motion for judgment on the pleadings (dkt. 19) is denied. The parties shall report for a status hearing on August 21, 2014 at 11:00 a.m.

Dated: August 6, 2014  _____
U.S. District Judge Joan H. Lefkow